UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL WHITE, ET.AL.,                             No. 08-11532

        Plaintiffs,                              District Judge Stephen J. Murphy III

v.                                                 Magistrate Judge R. Steven Whalen

GC SERVICES LIMITED PARTNERSHIP,
ET.AL.,

        Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion for Protective Order [Docket #26], which has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons and under the terms set forth below, the motion is GRANTED IN PART AND DENIED IN PART. Two specific requests are DISMISSED AS MOOT, as set forth below.

This motion encompasses two areas of concern. First, although the parties agree to the desirability of some form of a blanket protective order that would cover present and future discovery, they disagree as to its appropriate terms. Both parties have submitted proposed omnibus protective orders. Secondly, the Defendants seek to preclude specific discovery that Plaintiff has requested.

### I.     The General Protective Order

The Defendants' proposed protective order provides for either party to designate requested discovery material as "confidential." *Exhibit No. 5* to Defendants' Motion [Docket #26], ¶ 4. By making such designation, the party is "certifying to the court that there is a good faith basis both in law and fact for the designation within the meaning of

-1-

the Federal Rules of Civil Procedure." *Id.* The proposed order provides that counsel may designate deposition transcripts "confidential." *Id.* ¶ 6. It also provides a mechanism for the requesting party to challenge a designation made by the producing party, culminating in review by the Court. *Id.* ¶ 8.

Plaintiff objects to several provisions of Defendants' proposed protective order. First, Plaintiff argues that by requiring the requesting party to file a motion challenging a confidentiality designation, it improperly shifts the burden of proving non-confidentiality to the requesting party. On a related note, Plaintiff argues that by permitting the producing party to unilaterally file documents under seal in a dispositive motion, the Defendants' proposed order not only shifts the burden of proof, but diminishes the burden of proof the law places on a party who seeks to seal what would otherwise be a public record.

Plaintiff correctly states the law regarding who has the burden of justifying a protective order under Fed.R.Civ.P. 26(c), as well as the differing standards of proof that apply to Rule 26(c) discovery-phase orders vis-a-vis orders to seal documents that are submitted to the court for filing. Under the terms of Rule 26(c), a party may obtain a protective order as to discovery material–that is, material that is not filed with the court–on a showing of "good cause." *Pintos v. Pacific Creditors Association*, 504 F.3d 792, 801 (9th Cir. 2007). However, once documents are filed with the court, there is a strong presumption, grounded in both the First Amendment and the common law, that they should be open to the public. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983); *Meyer Goldberg, Inc.* v *Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987). While protective orders and sealing orders for court documents are permissible under the First Amendment, *Dow Chemical Company v. Reinhard*, 2007

WL 3379688, *4 (E.D. Mich. 2007), citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the "good cause" standard of Rule 26(c) does not suffice. Rather, the party seeking to seal documents must show "compelling reasons." *Meyer Goldberg, supra*, 823 F.2d at 163.

However, contrary to the Plaintiff's objections, nothing in the Defendants' proposed protective order shifts the burden of proof or alters the standard of proof for sealing court documents. Plaintiff confuses the "burden"–if one can call it that–of *filing* a motion or objection with the allocation of the actual burden of proof when the motion is heard. The latter does not change; if the Plaintiff files an objection to the Defendants' designation of confidential discovery material, the Defendants still have the ultimate burden of demonstrating "good cause" under Rule 26(c). If the Defendants file documents under seal in conjunction with a dispositive motion or at trial, the Plaintiff may be required to file a motion, but the burden remains with the Defendants to show compelling reasons to seal court documents. This is analogous to a motion to suppress a criminal defendant's confession. The defendant files a motion to suppress, but the burden remains on the prosecution to prove the voluntariness of the confession. *See North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005).

The Plaintiff has proposed a procedure for objecting to a "confidential" designation in the discovery phase that would require the producing party to file a motion for protective order in the event that the parties cannot resolve the objection between themselves. *See* Plaintiff's Response [Docket #37], Exhibit 1, ¶ 4. Plaintiff then proposes an additional procedure if a party intends to file confidential material under seal in conjunction with a dispositive motion or at trial. *Id.*, ¶ 5. While there is nothing wrong

with Plaintiff's proposal *per se*, it is more cumbersome and complicated than Defendants' proposal. Because the Defendants' proposed order fully satisfies the Plaintiff's legitimate concerns about where the burden of proof lies, there is neither a legal necessity nor a countervailing practical advantage to Plaintiff's proposed order. Indeed, Defendants' proposed order is similar to innumerable stipulated protective orders that have been filed by this Court for years in other cases, and which have worked effectively to protect the rights of all interested parties.

Plaintiff also objects to a provision in the Defendants' proposed order that permits a producing party who has designated its own documents as confidential to "disclose such documents or information contained therein to any persons, with or without conditions to such disclosure, as it deems appropriate." *Exhibit No. 5* to Defendants' Motion [Docket #26], ¶ 3. Plaintiff frames her objection as follows:

> "In its proposed protective order, GCS reserves the right to maintain court protection over information even if GCS has released the information publicly." Plaintiff's Response [Docket #37], Part II, § 1.

Plaintiff misunderstands the purpose and scope of the provision at issue. For example, Defendants might designate as "confidential" material that constitutes trade secrets, but whose limited and protected disclosure within the sphere of its commercial operations–but outside the context of this litigation–might be necessary for legitimate business reasons. A protective order that does not contain this provision would, in effect, work to the detriment of Defendants' ongoing business operations, thereby punishing them for making an otherwise proper designation. Contrary to Plaintiff's fear, this provision does *not* permit a party to maintain a confidentiality designation as to material it has *publicly* disclosed. Such public disclosure would be inconsistent with, and constitute a waiver of, the confidentiality designation, and the Court would expect the designating

party to voluntarily withdraw the designation. If, under the circumstances of a public disclosure, the designating party in bad faith refused to withdraw the designation, and the other party were therefore required to file a motion, sanctions would be available.

Therefore, the Defendant's motion for protective order is GRANTED as to the general protective order attached as Exhibit 5 to the motion [Docket #26].

## II.   SPECIFIC DISCOVERY REQUESTS

A.   Interrogatory #1

Here, Plaintiff seeks information as to Defendant GC Services' communications regarding the debt at issue in this lawsuit. GC Services responded, pursuant to Fed.R.Civ.P. 33(d), by reference to previously-produced business records, submitted as Exhibit 1 to the present motion. The documents contain apparently coded notations that make it difficult to understand the complete content. Although Defendant asserts that it has provided the Plaintiff with a key to deciphering the code, Plaintiff claims to still be confused as to the meaning of the documents. The interrogatory is fairly straightforward, and applies specifically to communications related to this case. The Defendant, who presumably understands its own code, should be able to answer the interrogatory in a narrative fashion with minimal burden. On the other hand, the burden is proportionally greater on the Plaintiff to decipher the various unfamiliar codes in the document. *See Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*, 2006 WL 83477, *3 (E.D.Mich.,2006) (finding defendant's document production inadequately responsive under Rule 33 where it contained "line item data arranged by columns and UPC codes"). Therefore, the motion for protective order is DENIED as to Interrogatory #1.

B.   Interrogatory #5

The information the Defendant provided here was likewise coded. Even though

the Defendant apparently provided a "key to decipher codes used in those records," it is not clear to this Court that those keys are sufficiently clear to reduce the relative burden on the Plaintiffs to decipher the records and to satisfy the requirements of Rule 33. The burden of translating the records and providing a narrative response more properly falls on the Defendant. The motion for protective order as to Interrogatory #5 is DENIED.

C.   Interrogatory #9

This request is GRANTED IN PART AND DENIED IN PART. Unlike the previously discussed requests, Defendant has, for the most part, produced records of the relevant software systems that satisfy Rule 33, and a protective order against the request for additional narrative is GRANTED. However, the request for protective order is DENIED to the extent that Defendant will supplement its answer by producing the Auto Dialing Manual, subject to the terms of the general protective order set forth in Section I, *supra*.

D.   Interrogatory #11

Plaintiff requests information as to any other cases in which any persons identified in the Defendants' Rule 26(a) disclosures gave trial or deposition testimony. This request properly seeks information that is relevant within the meaning of Rule 26, or likely to lead to the discovery of relevant information. Nor, given the relatively limited number of people covered by the request, has the Defendant demonstrated a degree of burden that would justify a protective order under Rule 26(c). The motion for protective order as to this request is DENIED.

E.   Interrogatory #13

Here, Plaintiff requests results of other FDCPA lawsuits filed against the Defendant GC Services–a national collections company–over the past three years. Given

the estimated volume of this material, the number of jurisdictions involved, and the more marginal relevance of the information, juxtaposed against the burden of producing it, the motion for protective order as to Interrogatory #13 is GRANTED.

F.   Request to Produce #3

Plaintiff seeks GC Services' credit file regarding any debt it sought to collect from her. Defendant has provided that file, and states that it has no additional documents. Plaintiff's beef seems to be that Defendant will not withdraw its objections. It is proper for a party to respond to a discovery request subject to its objections, in order to preserve the issue for possible further review. The motion for protective order as to this request is DISMISSED AS MOOT.

G.   Request to Produce #25

Plaintiff seeks correspondence between Plaintiff White and the originating creditor. Defendant GC Services says that it is not in possession of any such correspondence. Obviously, Defendant cannot produce what it does not have. Again, Plaintiff complains that the Defendant refuses to withdraw its objections. The Court is unclear as to why it is being bothered with this non-issue. Nevertheless, the motion for protective order as to this material is DISMISSED AS MOOT.

IT IS SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 23, 2009.

                                                S/G. Wilson
                                                Judicial Assistant